[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
This matter having come before the Court for a hearing in damages on March 4, 1996, and the Court having heard testimony at the hearing that the non-appearing defendant, Albert F. Delaney, is liable to the plaintiff, Tiago Senna, on each count of the plaintiff's three-count Complaint, the Court makes the following findings and awards the plaintiff the following damages: CT Page 1938
1. On February 17, 1995, defendant Albert F. Delaney was served with legal process in this action.
2. Since such service of process was effected, defendant Delaney has been served by first class mail with all other documents relative to this action.
3. At no time at or after the commencement of this action was defendant Delaney in the military or naval service, as he is beyond the age of military service.
4. On September 28, 1995, defendant Delaney was defaulted in this action for his failure to appear herein.
5. When defendant Delaney was defaulted for failure to appear, he lost his right to contest the merits of the plaintiff's claims against him. All facts alleged as to the liability of defendant Delaney to plaintiff Senna must therefore be taken as true for the purpose of this hearing.
6. Under the First Count of his Complaint, the plaintiff is entitled to damages in the amount of $48,941.43, that amount representing the total of: (a) $20,000, the principal amount of a judgment entered against him in settlement of EmanuelGottesdiener et al v. Tiago Senna, (J.D. of Hartford-New Britain at Hartford — Docket No. CV 91-0388582 S), for which he was entitled to indemnification by defendant Delaney under the terms of the Indemnification Agreement identified in Count I, ¶ 1 of the Complaint; (b) $24,016.43, interest on the above-described principal amount, calculated at the rate of 18% per year from the date of judgment until the present; and (c) $4925.00, attorney's fees in the action which led to the entry of the above-referenced judgment, for which the I plaintiff was also entitled to indemnification by defendant Delaney under the Indemnification Agreement. Damages are not awarded for any claimed loss of use of the plaintiff's principal residence due to the filing of a judgment lien thereon, for the plaintiff has afforded the Court no non-speculative basis upon which to determine whether or not he suffered any net financial loss by virtue of his inability to refinance his property due to the filing of the lien.
7. Under the Second Count of his Complaint, the plaintiff is entitled to damages in the amount of $33,124.17, that amount representing the total of: (a) $15,000, the principal amount of a promissory note executed by defendant Delaney on March 9, 1987 CT Page 1939 and made payable to the order of the plaintiff in the principal sum of $15,000.00 at ten percent (10%) per annum, payable on October 9, 1987; (b) $12,604.17, interest on the note since October 9, 1987, the date on which it became due and payable, and since when, despite demand, it has not been paid; and (c) $5,520, a reasonable attorney's fee to enforce the defendant's obligation under the note, which is made payable by the defendant under the terms of the note.
8. Under the Third Count of the Complaint, the plaintiff is entitled to damages in the amount of $13,305.20, that amount representing the total of: $6000, the principal amount of a promissory note executed by defendant Delaney on September 9, 1987 and made payable to the order of the plaintiff in the principal sum of $6000 at ten percent (10%) per annum, payable on October 9, 1987; (b) $5,087.67, interest on the note since October 9, 1987, the date on which it became due and payable, and since when, despite demand, it has not been paid; and (c) $2217.53, a reasonable attorney's fee to enforce the defendant's obligation under the note, which is made payable by the defendant under the terms of the note.
9. Total judgment for the plaintiff is entered against defendant Albert F. Delaney as follows:
 First Count $48,941.43 Second Count 33,124.17 Third Count 13,305.20 ---------- $95,370.80
So ordered this 22d day of March, 1996.
Michael R. Sheldon, J.